FILED

JUL 14 2008

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FELICIA RESENDEZ,

Claimant,

vs.

HARVEY CYCLE AND CAMPER, INC. d/b/a WATSON MOTORSPORT, LTD.,

Respondent.

Case: 1:08-mc-00493
Assigned To : Robertson, James
Assign. Date : 7/14/2008
Description: Miscellaneous

**CLAIMANT'S MOTION TO OPEN A MISCELLANEOUS CASE FOR THE PURPOSE OF ISSUING A SUBPOENA FOR DOCUMENTS TO THE FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA)**

NOW COMES the Claimant, FELICIA RESENDEZ, by and through her attorneys, KROHN & MOSS, LTD., and hereby moves this Honorable Court to allow the opening of a miscellaneous action for the purpose of issuing a subpoena for documents to the Federal Emergency Management Agency (FEMA). In support thereof, Claimant states as follows:

1. On or about October 25, 2006, Claimant purchased a 2006 Chevrolet Malibu (Malibu) from the Respondent.

2. Respondent, through its employee, failed to represent the true history of the vehicle to Claimant by neglecting to state that:

   a. the Malibu had been registered in a county declared a flood disaster area; and

   b. the Malibu was a "flood" vehicle and given a salvaged title.

3. Subsequent to Claimant's purchase, Claimant ran a Carfax report and discovered that the Malibu had been registered in a county that was declared a flood disaster area.

4. On or about November 12, 2007, Claimant filed her case with the American Arbitration Association.

Fee Pd $39.00

5. On or about March 20, 2008, Claimant issued a subpoena to FEMA (See subpoena, attached hereto as Exhibit "A").

6. Said subpoena was delivered to FEMA on March 24, 2008 (See the United States Postal Service Tracking Receipt, attached hereto as Exhibit "B").

7. On or abut March 21, 2008, Claimant sent a follow up letter to FEMA (See follow up letter attached hereto as Exhibit "C").

8. To date, Claimant has not received any response from FEMA.

9. Claimant now seeks leave for this Honorable Court to open a miscellaneous case for the purpose of issuing a subpoena for documents to FEMA.

WHEREFORE, Claimant, FELICIA RESENDEZ prays for the entry of an order opening a miscellaneous case for the purpose of issuing a subpoena for documents to FEMA.

Respectfully submitted
**FELICIA RESENDEZ**

By: ______________________
Attorney for Claimant

KROHN & MOSS, LTD.
Attorneys for Claimant
120 West Madison Street, 10th Floor
Chicago, Illinois 60602
(312) 578-9428

# EXHIBIT A

**AMERICAN ARBITRATION ASSOCIATION**
51 188 01606 07

FELICIA RESENDEZ, *Claimant*

vs.

**NOTICE OF SUBPOENA**
**PRODUCTION OF DOCUMENTS ONLY**

HARVEY CYCLE AND CAMPER, INC.
d/b/a WATSON MOTORSPORT, LTD *Respondent*

To: Federal Emergency Management Agency
Attn: Records Keeper
500 C Street S.W.
Washington, D.C. 20472

Ira M. Levin
Burke, Warren, MacKay &
Serritella, P.C.
330 North Wabash, 22nd Floor
Chicago, Illinois 60611

YOU ARE HEREBY NOTIFIED THAT the undersigned will take the deposition of the Record's Keeper of Federal Emergency Management Agency in the City of Chicago, and State of Illinois, on:

**Date:** April 15, 2008 **Time:** 2:00 p.m.

**Place:** KROHN & MOSS, LTD.
120 W. Madison St., 10th Floor
Chicago, Illinois 60602

**CERTIFICATE OF SERVICE BY MAIL**

The undersigned, attorney for Claimant, certifies that a true and correct copy of the foregoing Notice was served upon counsel of record by depositing the same on March 20, 2008, in the U.S. Mail Chute located at 120 W. Madison Street, Chicago, Illinois, enclosed in an envelope with first class postage prepaid thereon.

By: ______________________
Attorney for Claimant

# The Arbitration Tribunals of the American Arbitration Association

**In the Matter of Arbitration between**

FELICIA RESENDEZ

And

HARVEY CYCLE AND CAMPER, INC.
d/b/a WATSON MOTORSPORT, LTD.

**Subpoena**

FROM THE PEOPLE OF THE STATE OF:

To: Records Keeper of Federal Emergency Management Agency
500 C Street S.W. Washington, D.C. 20472

GREETING: Sir or Madam

WE COMMAND YOU that, all business and excuses being laid aside, you and each of you send any and all documents in your possession pertaining to a 2006 Chevrolet Malibu 1G1ZT61816F103738 acting under the arbitration law of this state, at Krohn & Moss, LTD. 120 W. Madison St. 10th FL Chicago, IL 60602

Please send all documents to our office by April 14, 2008. OR appear at our office on April 15, 2008 at 2:00 p.m. to testify and give evidence.

Signed: [signature]

Signed: ______________________

As Sole Arbitrator(s)

Request by: Krohn & Moss, Ltd.

Gregory H. Moss
Name of Representative

120 W. Madison St. 10th FL Chicago, IL 60602
Address ZIP Code

(312) 578-9428
Telephone

Dated: 3/17/2007

**EXHIBIT B**

7007 1490 0004 0654 4830

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

3/20/08

Sent To Records Keeper of FEMA

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006 See Reverse for Instructions



USPS - Track & Confirm

Home | Help | Sign In

Track & Confirm FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7007 1490 0004 0654 4830**
Status: **Delivered**

Your item was delivered at 11:17 am on March 24, 2008 in WASHINGTON, DC 20472. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

Restore Offline Details > ? Return to USPS.com Home >

Track & Confirm
Enter Label/Receipt Number.

Go >

Site Map Contact Us Forms Gov't Services Jobs Privacy Policy Terms of Use National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved. No FEAR Act EEO Data FOIA

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do 6/24/2008

**EXHIBIT C**

Krohn & Moss, Ltd.
Arizona, California, Florida, Illinois, Indiana, Minnesota, Missouri, Nevada, Ohio, Washington DC, Wisconsin
Main Office
120 West Madison, 10th Floor
Chicago, Illinois 60602
www.krohnandmoss.com

Writer's Direct Number
(312) 578-9428 Ext. 216
Writer's Direct Facsimile
(866) 309-9458
Writer's Direct E-Mail
gmoss@consumerlawcenter.com

Writer licensed to practice
only in:
Illinois
Wisconsin

May 21, 2008

Federal Emergency Management Agency
Attn: Records Keeper
500 C Street S.W.
Washington, D.C. 20472

RE: **Subpoena For Documents**
**Felicia Resendez v Harvey Cycle and Camper, Inc. d/b/a Watson Motorsport, Ltd.**
Case No: 51 188 01606 07

Dear Sir or Madam:

As was indicated in the letter dated March 24, 2008, we only ask that you provide us with copies of the service file for our client. Please be advised that if we do not receive copies of the documents specified on the previously mailed subpoena within fourteen days, we will seek court intervention to enforce the aforementioned subpoena.

Please send all documents requested on the previously mailed subpoena to the attention of the undersigned. Specifically, we requested copies of the deal jacket (if applicable) and service file for the above mentioned Plaintiff. This service file should include and is not limited to all invoices, papers, repair orders, mechanics' notes, recall notices and service bulletins pertaining to Plaintiff's vehicle. Once again, please send all documents to me with your signed and notarized affidavit.

If you have any questions or comments regarding this matter, please contact me immediately.

Sincerely,

Gregory H. Moss
Attorney at Law

GM/dh

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

FELICIA RESENDEZ, )
)
Claimant, )
)
vs. )
)
HARVEY CYCLE AND CAMPER, INC. )
d/b/a WATSON MOTORSPORT, LTD., )
)
Respondent. )

Case: 1:08-mc-00493
Assigned To : Robertson, James
Assign. Date : 7/14/2008
Description: Miscellaneous

**NOTICE OF FILING**

To: Ira M. Levin
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash, 22nd Floor
Chicago, Illinois 60611

PLEASE TAKE NOTICE THAT ON July 10, 2008, there was sent to be filed with the Clerk of the U.S. District Court, **Claimant's Motion for the opening of a miscellaneous case for the purpose of issuing a subpoena for documents to the Federal Emergency Management Agency**, a copy of which is attached hereto and herewith served upon you.

By: ______________________
Attorney for Claimant

Name: KROHN & MOSS, LTD.
Attorneys For: Claimant
Address: 120 West Madison Street, 10th Floor
City: Chicago, Illinois 60602
Telephone: (312) 578-9428

10. 5 61282

**CERTIFICATE OF SERVICE BY MAIL**

The undersigned, attorney for Claimant, certifies that a true and correct copy of the foregoing Notice was served upon counsel of record by depositing the same on July 10, 2008, in the U.S. Mail Chute located at 120 West Madison Street, Chicago, Illinois, enclosed in an envelope with first class postage prepaid thereon.

By: ______________________
Attorney for Claimant

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

Felicia Resendez

V.

Harvey Cycle And Camper, Inc. D/B/A Watson Motor

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 51 188 01606 07

TO: Federal Emergency Management Agency
Attn: Records Keeper
500 C Street S.W.
Washington, D.C. 20472

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents in your possession pertaining to a 2006 Chevrolet Malibu 1G1ZT61816F103738.

| PLACE Krohn & Moss, Ltd. 120 W. Madison St. 10th FL Chicago, IL 60602 | DATE AND TIME 8/25/2008 12:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE PLACE

SERVED

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).